IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTHA F. LARA | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-01923 |
| | § | |
| QUIKTRIP CORPORATION; QUIKTRIP WEST, LLC; AL-MADINAH PETROLEUM, INC.; AND T.J., | § | |
| | § | JURY DEMANDED |
| | § | |
|     *Defendants.* | § | |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendants QuikTrip Corporation and Al-Madinah Petroleum, Inc., in the cause styled "*Martha F. Lara v. QuikTrip Corporation; QuikTrip West, LLC; Al-Madinah Petroleum, Inc.; and T.J.*," originally pending as Cause No. DC-22-08436 in the 14th Judicial District Court of Dallas County, Texas, file this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the proper parties, as discussed further herein, no proper Defendant is a

citizen of the State of Texas, and the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.[1]

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the incident giving rise to this lawsuit, at the time of the initial filing of this action, and at the current time of the removal of this action, was and is a citizen, resident, and domiciliary of the State of Texas.

QuikTrip Corporation, at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of Oklahoma with its principal place of business in Tulsa, Oklahoma.  QuikTrip Corporation has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

Al-Madinah Petroleum, Inc. is not a proper party to this lawsuit because it did not occupy, possess, control, manage, or operate the premises at issue at any relevant time. Nonetheless Al-Madinah Petroleum, Inc., at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of Georgia with its principal place of business in Duluth, Georgia.  Al-Madinah Petroleum, Inc. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

On information and belief, QuikTrip West, LLC is not an existing entity.  In the event that QuikTrip West, LLC exists, it is not a proper party to this lawsuit because it has no involvement whatsoever with Plaintiff, any of the other Defendants, or the incident made the basis of this lawsuit. Further, Plaintiff has alleged no facts against QuikTrip West, LLC that would give rise to a duty owed to Plaintiff or liability on the part of QuikTrip West, LLC.  Finally, QuikTrip West, LLC

---

[1] *See* 28 U.S.C. § 1332 (2018).

did not own, occupy, possess, control, manage, or operate the premises at issue at any relevant time. Therefore, QuikTrip West, LLC is not a proper party to this action and has been improperly and/or fraudulently joined, and hence, its citizenship should not be considered for purposes of removal.

T.J. is a fictitious and/or unidentified party and is not a proper party to this lawsuit. Plaintiff has alleged no facts at all against T.J. At the time of the incident giving rise to this lawsuit, at the time of the initial filing of this action, and at the current time of the removal of this action, T.J.'s citizenship and residence is unknown. However, even T.J. is later identified and his citizenship and residence is determined to be the State of Texas, for the reasons discussed below and stated in Defendants' verified denial on file with the State court, T.J. is not a proper party to this action and has been improperly and/or fraudulently joined, and hence, T.J.'s citizenship should not be considered for purposes of removal.

## III.
## IMPROPER/FRAUDULENT JOINDER

Plaintiff named fictitious individual employee T.J. as a defendant.[2]  Although Plaintiff articulates her theories of liability against QuikTrip Corporation ("QuikTrip"), she does not set forth any allegations against T.J. However, even if Plaintiff had, she could not set forth any allegations against T.J. other than acts taken in performance of T.J.'s duties at QuikTrip's store.[3] Plaintiff has not pled and cannot plead any facts that would allow Plaintiff to recover from T.J. in T.J.'s individual capacity, and, in fact, has not alleged that T.J. owed any separate or independent duty of reasonable care to Plaintiff apart from T.J.'s employer's duty.

---

[2]   *See generally,* Pl's' Orig. Pet., attached hereto as <u>Exhibit 2</u>.

[3]   *Id*. at pp. 3-4, ¶12, 16.

Improper/fraudulent joinder may be established where, as here, there is no possibility that a plaintiff can maintain a cause of action against an employee based on the pleaded facts.[4] Federal courts look to Texas state law to determine whether a plaintiff may maintain a cause of action against a defendant.[5]

In Texas an individual acting as an officer, agent, or employee of a company can only be held individually liable for negligence when the individual owes an independent duty of reasonable care to the injured party ***apart from the employer's duty***.[6]  Therefore, unless Plaintiff can establish that T.J. owed an independent duty of care to Plaintiff, separate and apart from the duties owed by QuikTrip as T.J.'s employer, T.J. is not a proper party to this case.

Case law is replete with opinions finding that managers and employees do not owe an independent duty of care to patrons who were injured on store property – including opinions from every federal district in Texas.[7]  Actions by an employee or officer taken in the course and scope of employment, whether active or passive, are actions of the corporation on behalf of the employer.[8]

---

[4] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Larrouquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006).

[5] *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

[6] *Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996)).

[7] *See, e.g., Lindsey v. Walmart Stores, Inc.*, No. 3:10-CV-1587-L, 2010 WL 4860789, at *8 (N.D. Tex. Nov. 30, 2010) (not designated for publication) (citing *Tri*, 162 S.W.3d at 562 and *Leitch*, 935 S.W.2d at 117-18, and holding that "there is no ambiguity in Texas law insofar as the facts pleaded in this case. As [the manager] did not owe [the plaintiff] an independent duty of care apart from that of Wal–Mart, [the plaintiff] has no reasonable possibility of recovery against [the store manager]"); Bourne v. Wal-Mart Stores, Inc., 582 F. Supp. 2d 828, 838 (E.D. Tex. 2008) (citing same); *Kopczynski v. Wal-Mart Stores Texas, L.P.*, No. H-10-4507, 2011 WL 902237, at *4-7 (S.D. Tex. March 14, 2011) (not designated for publication) (citing *Tri*, 162 S.W.3d at 562-63 and *Leitch*, 935 S.W.2d at 117-18); *Gonzalez v. Wal-Mart Stores*, No. 10-CV-120, 2010 WL 1417748, at *1-3 (W.D. Tex. March 31, 2010) (not designated for publication) (citing same).

[8] *Leitch,* 935 S.W.2d at 118.

In this case, Plaintiff's only "allegations" concerning T.J. seem to imply (without expressly stating so) that T.J. is a store manager or other type of employee. Such implied allegations deal with alleged duties T.J. may have allegedly owed or breached in T.J.'s capacity as a QuikTrip employee and are not distinct from those which QuikTrip itself would allegedly owe.[9] Therefore, Plaintiff alleges no facts that would support that T.J. owed Plaintiff any duty independent and apart from QuikTrip's duty.[10]

Because there is no possibility that Plaintiff can maintain a cause of action against T.J. based on the pleaded facts, and because there is no allegation to support an independent duty apart from T.J.'s employer's duty that T.J. owed to Plaintiff, T.J. has been improperly joined in this matter, and T.J.'s citizenship should be disregarded, resulting in complete diversity existing between the proper parties in this case.

## IV.
## DEFENDANTS AGREE TO REMOVAL

The only actually existing, non-fictitious Defendants, QuikTrip Corporation and Al-Madinah Petroleum, Inc., agree to removing this case to federal court.

## V.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about July 21, 2020, while Plaintiff was an invitee at QuikTrip's store located at 5825 Broadway Boulevard, Garland, Texas, and was entering the

---

[9] *See id.*; *McKinney v. Home Depot, USA, Inc.*, No. 4:06-cv-327-A, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006) (not designated for publication) (concluding that a manager was improperly joined because the plaintiff failed to allege that he owed an independent duty to the plaintiff); *Palmer v. Wal-Mart Stores, Inc.*, 65 F.Supp.2d 564, 567 (S.D. Tex. 1999) (denying plaintiff's motion to remand, and noting that the plaintiff made no allegations that the store manager owed "her any independent duty or duty of reasonable care, apart from that which his employer owed any store patron").

[10] *Leitch v. Hornsby,* 935 S.W.2d at 118; *see also Kopczynski v. Wal-Mart Stores Texas, LP,* 2011 WL 902237, at *4-7 (S.D. Tex. Mar. 14, 2011) (co-employees and managers owed no independent duty to employee despite allegations they personally participated in negligent acts).

ladies' room, she slipped and fell on leaking water. Plaintiff filed suit on July 21, 2022, in the 14th Judicial District Court of Dallas County, Texas, alleging a premises-liability/negligence cause of action against Defendants.

## VI.
## THE AMOUNT-IN-CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.00.[11] Specifically, Plaintiff seeks monetary relief over $1,000,000,[12] including past and future medical expenses, past and future physical pain and mental anguish, past and future physical impairment, past and future loss of earnings, and past and future loss of earning capacity.[13] As a result, the amount-in-controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[14]

## VII.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[15] Defendants first became aware this case was removable on or about August 8, 2022, when Defendants were served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendants of the document that first

---

[11] *See* Pl's Orig. Pet. (Exh. 2).

[12] *Id*. at p. 1, ¶ 1.

[13] *Id*. at. pp. 6-7, ¶ 27 (including subparagraphs A through J).

[14] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[15] 28 U.S.C. § 1446(b).

demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on July 21, 2022.[16]

## VIII.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## IX.
## PROCEDURAL REQUIREMENTS

Defendants filed with the Clerk of the 14th Judicial District Court Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1)  State court docket sheet (as of August 30, 2022);

(2)  Plaintiff's Original Petition (filed on July 21, 2022) with Service of Citation (served on QuikTrip Corporation on August 8, 2022); and

(3)  Defendants' Original Answer and Verified Denial (filed on August 26, 2022).

Also, in compliance with Local Rule 81.1, Defendants have filed the following documents with the Notice:

- Civil Cover Sheet;
- Supplemental Civil Cover Sheet; and
- Certificate of Interested Persons.

---

[16] *See id.*

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

        Respectfully submitted,

/s/ B. Kyle Briscoe
_____

**B. Kyle Briscoe**
Attorney-in-charge
State Bar No. 24069421
kbriscoe@peavlergroup.com
Michael W. Stumbaugh
State Bar No. 24041987
mstumbaugh@peavlergroup.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, pursuant to and in accordance with the Federal Rules of Civil Procedure on August 30, 2022.

/s/ B. Kyle Briscoe
_____
B. Kyle Briscoe