# EXHIBIT 1

Exhibit 1

## Case Information

DC-22-08436 | MARTHA F. LARA vs. QUIKTRIP CORPORATION, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-22-08436 | 14th District Court | MOYE', ERIC |
| File Date | Case Type | Case Status |
| 07/21/2022 | PROPERTY | OPEN |

## Party

**PLAINTIFF**
LARA, MARTHA F.

Address
4144 N Central Expwy #1000
Dallas TX 75204

Active Attorneys ▾
Lead Attorney
KASTL, KRISTINA N.
Retained

**DEFENDANT**
QUIKTRIP CORPORATION

Address
BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201-3136

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

**DEFENDANT**
QUIKTRIP WEST, LLC

Address
BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201-3136

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

DEFENDANT
AL-MADINAH PETROLEUM, INC.

Address
BY SERVING ITS REGISTERED AGENT, FREDERICK L. FUHR
107 LANDING BLVD., SUITE F
LEAGUE CITY TX 77573

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

DEFENDANT
J., T.

Address
5825 BROADWAY BLVD.
GARLAND TX 75043

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

07/21/2022 NEW CASE FILED (OCA) - CIVIL

07/21/2022 ORIGINAL PETITION ▾

ORIGINAL PETITION

07/21/2022 ISSUE CITATION ▾

ISSUE CITATION- QUIKTRIP CORPORATION

ISSUE CITATION- QUIKTRIP WEST, LLC

ISSUE CITATION- AL-MADINAH PETROLEUM, INC

ISSUE CITATION- T.J

07/21/2022 JURY DEMAND

08/04/2022 CITATION ▾

Served
08/08/2022

Anticipated Server
ESERVE

Anticipated Method

Actual Server
PRIVATE PROCESS SERVER

Returned
08/09/2022
Comment
QUIKTRIP CORPORATION

---

08/04/2022 CITATION ▾

Served
08/08/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
08/09/2022
Comment
QUIKTRIP WEST, LLC

---

08/04/2022 CITATION ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
AL-MADINAH PETROLEUM, INC

---

08/04/2022 CITATION ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
T.J

---

08/09/2022 RETURN OF SERVICE ▾

EXECUTED CITATION - QUIKTRIP WEST LLC

    Comment
    EXECUTED CITATION - QUIKTRIP WEST LLC

---

08/09/2022 RETURN OF SERVICE ▾

EXECUTED CITATION - QUIKTRIP CORPORATION

Comment
EXECUTED CITATION - QUIKTRIP CORPORATION

08/26/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - QUIKTRIP CORPORATION AND SPECIAL EXCEPTIONS

Comment
AND SPECIAL EXCEPTIONS

## Financial

LARA, MARTHA F.

| | | |
|---|---|---|
| Total Financial Assessment | | $392.00 |
| Total Payments and Credits | | $392.00 |

| Date | Description | Receipt | Name | Amount |
|---|---|---|---|---|
| 7/25/2022 | Transaction Assessment | | | $392.00 |
| 7/25/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 45174-2022-DCLK | LARA, MARTHA F. | ($255.00) |
| 7/25/2022 | STATE CREDIT | | | ($137.00) |

## Documents

ORIGINAL PETITION

ISSUE CITATION- QUIKTRIP CORPORATION

ISSUE CITATION- QUIKTRIP WEST, LLC

ISSUE CITATION- AL-MADINAH PETROLEUM, INC

ISSUE CITATION- T.J

EXECUTED CITATION - QUIKTRIP WEST LLC

EXECUTED CITATION - QUIKTRIP CORPORATION

ORIGINAL ANSWER – QUIKTRIP CORPORATION AND SPECIAL EXCEPTIONS

# EXHIBIT 2

Exhibit 2

**CT Corporation**
**Service of Process Notification**
08/08/2022
CT Log Number 542073459

Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**   Marshall Wells
        QuikTrip Corporation
        4705 S 129th East Ave
        Tulsa, OK 74134-7008

**RE:**   **Process Served in Texas**

**FOR:**  QuikTrip Corporation  (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARTHA F. LARA // To: QuikTrip Corporation |
| **CASE #:** | DC2208436 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/08/2022 at 03:11 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Marshall Wells  mwells@quiktrip.com |
| | Email Notification,  Kristen Snow  ksnow@quiktrip.com |
| | Email Notification,  Ronald Collins  rcollins@quiktrip.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1999 Bryan Street |
| | Suite 900 |
| | Dallas, TX 75201 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                        Mon, Aug 8, 2022
**Server Name:**                 Bryon Welch

| Entity Served | QUIKTRIP CORPORATION |
|---|---|
| Case Number | DC-22-08436 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
|  |  |  |



FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:   **QUIKTRIP CORPORATION**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201-3136**
**or wherever the agent may be found**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition
to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this
suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find
out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **14th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MARTHA F. LARA**

Filed in said Court **21st day of July, 2022** against

**QUIKTRIP CORPORATION,  QUIKTRIP WEST, LLC, AL-MADINAH PETROLEUM, INC.,**
**T.J.**

For Suit, said suit being numbered **DC-22-08436,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUIRED DISCLOSURES**, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of August, 2022.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
    TERESA JONES



---

**ESERVE**

**CITATION**

DC-22-08436

**MARTHA F. LARA**
vs.
**QUIKTRIP CORPORATION, et al**

ISSUED THIS
**4th day of August, 2022**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  TERESA JONES, Deputy

**Attorney for Plaintiff**
**KRISTINA N. KASTL**
KASTL LAW PC
4144 NORH CENTRAL EXPRESSWAY SUITE
1000
DALLAS TX  75204
214-821-0230
**eserve@kastllaw.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Case No. : DC-22-08436

Court No.14th District Court

Style: MARTHA F. LARA

vs.

QUIKTRIP CORPORATION, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at

_____, within the County of _____ at _____ o'clock _____ .M. on the

_____ day of_____, 20_____, by delivering to the within named

_____

_____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance

actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $ _____ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $ _____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said  _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public  _____  County  _____

FILED
7/21/2022 11:09 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Danitra Brown DEPUTY

4 CITS ESERVE
JURY DEMAND

DC-22-08436

CAUSE NO. _____

| | | |
|---|---|---|
| MARTHA F. LARA, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| QUIKTRIP CORPORATION, | § | 14th |
| QUIKTRIP WEST, LLC, | § | |
| AL-MADINAH PETROLEUM, INC., | § | |
| AND T.J., | § | |
| *Defendants.* | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** MARTHA F. LARA, hereinafter "Plaintiff," complaining of and about QUIKTRIP CORPORATION, QUIKTRIP WEST, LLC, AL-MADINAH PETROLEUM, INC., and T.J., hereinafter collectively "Defendants," and files this Plaintiff's Original Petition and Jury Demand, and in support thereof, would respectfully show unto the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff brings this action under Texas Rule of Civil Procedure 47(c)(4) and seeks monetary relief over $1,000,000.  Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, **MARTHA F. LARA**, is an individual residing in Rockwall County, Texas.

3.      Defendant, **QUIKTRIP CORPORATION,** is a foreign for-profit corporation doing business in the State of Texas, and may be served with process by serving its registered

agent:  **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever the agent may be found.  Issuance of a citation is requested at this time to include language that "Defendant may be required to make initial disclosures."**

4.      Defendant, **QUIKTRIP WEST, LLC**, is a foreign for-profit corporation doing business in the State of Texas, and may be served with process by serving its registered agent:  **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever the agent may be found.  Issuance of a citation is requested at this time to include language that "Defendant may be required to make initial disclosures."**

5.      Defendant, **AL-MADINAH PETROLEUM, INC.,** is a foreign for-profit corporation doing business in the State of Texas, and may be served with process by serving its registered agent:  **Frederick L. Fuhr, 107 Landing Blvd., Suite F, League City, Texas 77573 or wherever the agent may be found.  Issuance of a citation is requested at this time to include language that "Defendant may be required to make initial disclosures."**

6.      Defendant, **T.J.,** is an individual residing in Dallas County, Texas and may be served with process at **5825 Broadway Blvd., Garland, Texas 75043, or wherever Defendant may be found.  Issuance of a citation is requested at this time to include language that "Defendant may be required to make initial disclosures."**

## MISNOMER/ALTER EGO

7.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

8.      The subject matter in controversy is within the jurisdictional limits of this Court.

9.      This Court has jurisdiction over the parties, because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10.     Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages, harms and losses sought are in an amount within the jurisdictional limits of this Court.  Plaintiff is required by Rule 47(c), Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiff's harms and losses due to the negligence of the Defendants.  The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas.  Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which harms, losses and damages to Plaintiff is over $1,000,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate as well as exemplary damages.

11.     Venue in Dallas County is proper under Texas Civil Practice and Remedies Code § 15.002 because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

12.     On or about July 21, 2020, Plaintiff MARTHA F. LARA (hereafter "Plaintiff") was

an Invitee on property owned and/or controlled by the Defendants QUIKTRIP CORPORATION, QUIKTRIP WEST, LLC, and/or AL-MADINAH PETROLEUM, INC., (hereafter collectively "Defendants"), commonly known as QT #909, and located at 5825 Broadway Blvd., Garland, Dallas County, Texas 75043.

13.     On said occasion, Plaintiff was entering the ladies' restroom when she slipped and fell on leaking water, hitting her back and right arm.

14.     There were no caution signs outside the restroom door, nor were there any employees cleaning up the area, or any other indication to Plaintiff to warn her of the condition on the premises she was walking through on said occasion.

15.     Defendants' failure to warn and/or to timely remedy the hazardous condition of the wet floor was the proximate cause of the Plaintiff's injuries and damages.

## CAUSES OF ACTION

16.     Defendants QUIKTRIP CORPORATION, QUIKTRIP WEST, LLC, AL-MADINAH PETROLEUM, INC. and/or T.J., as owners, operators and/or managers of the premises in question, and by and through their employees and/or actual, apparent, ostensible or estoppel agents and/or representatives, at all times material hereto, owed a duty to act as a reasonable and prudent property owner, operator and/or management company would have done under the same or similar circumstances.  Defendants were negligent and such negligence is the proximate cause of Plaintiff's injuries and damages.

17.     Defendants breached their duties by, among other acts and/or omissions, as follows:

   a.     Creating a condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

   b.     Permitting an unreasonably dangerous condition which Defendants knew, or in the exercise of ordinary care should have known about, to exist on the premises in areas which Defendants knew that persons such as Plaintiff are

likely to suddenly and unexpectedly encounter without warning and that constitute a hazard and risk of personal injury;

c.   In choosing not to conduct reasonable inspections of the Defendants' premises in order to discover the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

d.   In choosing not to warn Plaintiff of the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

e.   In choosing not to make safe a condition on the premises which Defendants knew, or in the exercise of ordinary care should have known, posed an unreasonable risk of harm to individuals such as Plaintiff; and,

f.   In choosing not to timely and properly remedy the condition so as to prevent harm or injury to others such as Plaintiff.

18.   At the time of the occurrence which makes the basis of this lawsuit, Defendants QUIKTRIP CORPORATION, QUIKTRIP WEST, LLC, AL-MADINAH PETROLEUM, INC. and/or T.J., were the owners, operators, and/or the managers of the premises located at 5825 Broadway Blvd., Garland, Dallas County, Texas 75043.

19.   Plaintiff was at and/or on Defendants' premises with Defendants' knowledge and for their mutual benefit.

20.   A condition on Defendants' premises posed an unreasonable risk of harm.  The wet floor on the Defendants' premises created a dangerous and hazardous condition proximately causing the occurrence in question.

21.   Defendants knew or reasonably should have known of the dangerous condition existing on the premises in question.

22.   Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  This duty included the duty to inspect and the duty to warn or to cure.  Defendants breached the duty of ordinary care by choosing not to remedy the unsafe condition of the wet floor on Defendants' premise.

23.     Defendants were also negligent in the hiring, supervision, training, and retaining its employees who cause and/or fail to remedy the unreasonably dangerous condition.

24.     Plaintiff will show that Defendants failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendants described above by which Defendants breached such duties constitutes a proximate cause of Plaintiff's damages described more fully below, for which Defendants are liable to Plaintiff.

25.     Each of such acts and/or omissions, singularly or in combination with others, are a proximate cause of the occurrence and damages sustained by Plaintiff, for which Plaintiff prays judgment of this Court in an amount within the jurisdictional limits of this Court.

## RESPONDEAT SUPERIOR LIABILITY

26.     The employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives of Defendants QUIKTRIP CORPORATION, QUIKTRIP WEST, LLC, and/or AL-MADINAH PETROLEUM, INC. were acting as employees and were in the course and scope of their respective employment and were within Defendants' general authority, in furtherance of Defendants' business, and for the accomplishment of the object for which Defendants' employees were hired. Defendants are therefore liable under the theory of *Respondeat Superior*. Therefore, Defendants are liable to Plaintiff for the damages proximately caused by the acts and omissions of its employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives, including but not limited to Defendant T.J.

## DAMAGES

27.     As a direct and proximate result of the breach of duty, negligent acts and/or omissions of Defendants, set forth herein above, Plaintiff suffered bodily injury and damages, and to incur the following damages:

A.  Medical care expenses sustained in the past;

B.  Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

C.  Physical pain and mental anguish sustained in the past;

D.  Physical pain and mental anguish which, in reasonable probability, will be suffered in the future;

E.  Physical impairment in the past;

F.  Physical impairment which, in reasonable probability, will be suffered in the future;

G.  Loss of earnings in the past;

H.  Loss of earnings that, in reasonable probability, Plaintiff will sustain in the future;

I.  Loss of earning capacity in the past; and

J.  Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

28.  Alternatively, Plaintiff sustained an aggravation of pre-existing and subsequent medical, physical and/or psychological conditions.  More particularly, if the evidence demonstrates that prior to the occurrence in question Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating, and the occurrence aggravated and accelerated those conditions and/or made more vulnerable and predisposed to subsequent injury and to the effects of subsequent stressors and injuries.

29.  For the above reasons, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought

**REQUIRED DISCLOSURES**

30.  Pursuant to Texas Rules of Civil Procedure 190 and 194, Defendants may be required to make initial disclosures, due within 30 days after the first answer is filed, unless

otherwise agreed or changed by court order.

## INTENT TO USE DEFENDANTS' DOCUMENTS

31.     In accordance with Texas Rules of Civil Procedure 193.7, any documents produced by Defendants in response to written discovery will be used by Plaintiff at any pre-trial proceeding or trial.

## INTENT TO USE U.S. LIFE TABLES

32.     Plaintiff hereby notifies the Defendants of her intent to use U.S. Life Tables as published by the U.S. Government in trial of this matter.

## REQUEST FOR JURY

33.     Plaintiff requests a trial by jury on all issues herein and tenders the appropriate fee at the time of filing of this petition.

34.     Plaintiff has met all conditions precent to the filing of this lawsuit.

## DESIGNATED ESERVICE EMAIL ADDRESS

35.     The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a):   **eservice@kastllaw.com**.   This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing and trial of this cause, Plaintiff have judgment against Defendants, jointly and severally, for damages for monetary relief over $1,000,000 which is within the jurisdictional limits of this Court; together with pre-

---

judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law; post-judgment interest at the highest legal rate until the time the judgment is paid; costs of court; and such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

**KASTL LAW, P.C.**

*/s/ Kristina N. Kastl*
**Kristina N. Kastl**
State Bar No. 24025467
Email: eservice@kastllaw.com
Email: kkastl@kastllaw.com
**Susan Anne Allen**
State Bar No. 01059350
Email: sallen@kastllaw.com
**Marcos Soto**
State Bar No. 24127678
Email: msoto@kastllaw.com
4144 North Central Expressway, Suite 1000
Dallas, Texas 75204
Phone: (214) 821-0230
Fax: (214) 821-0231

**ATTORNEYS FOR PLAINTIFF**

**\*Please note and document Kastl Law, P.C.'s new e-serve address. All future e-serve notifications must be served at: eservice@kastllaw.com.**

**Service is only effectuated if it is served through our eservice@kastllaw.com email. Any other Kastl Law, P.C. email is considered ineffective service.**

# EXHIBIT 3

**Exhibit 3**

FILED
8/26/2022 9:49 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Rosa Delacerda DEPUTY

Case 3:22-cv-01923-N   Document 1-2   Filed 08/30/22   Page 22 of 30   PageID 31

CAUSE NO. DC-22-08436

| | | |
|---|---|---|
| MARTHA F. LARA, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | 14TH JUDICIAL DISTRICT |
| QUIKTRIP CORPORATION; QUIKTRIP | § | |
| WEST, LLC; AL-MADINAH PETROLEUM; | § | |
| INC.; AND T.J., | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

---

**DEFENDANTS' ORIGINAL ANSWER, VERIFIED DENIAL, AND SPECIAL EXCEPTIONS**

---

COME NOW, Defendants QuikTrip Corporation, erroneously identified as "QuikTrip Corporation; QuikTrip West, LLC; Al-Madinah Petroleum, Inc.; and T.J.," as well as erroneously named and fraudulently joined QuikTrip West, LLC, erroneously named and fraudulently joined Al-Madinah Petroleum, Inc., and erroneously named and fraudulently joined T.J., in the above-entitled and numbered cause, and file their Original Answer, Verified Denial, and Special Exceptions to Plaintiff's Original Petition and, in support thereof, would respectfully show the Court as follows:

**I.**
**ANSWER**

**A.    GENERAL DENIAL**

Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demand strict proof thereof and, to the extent that such matters are questions of fact, say Plaintiff should prove such facts by a preponderance of the evidence to a jury, if Plaintiff can do so.

**B.**     **VERIFIED DENIAL**

By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendants deny that Plaintiff is entitled to recover from QuikTrip West, LLC, Al-Madinah Petroleum, Inc., and/or T.J. in the capacity in which they have been sued, since they are not proper parties. Specifically, Defendants deny QuikTrip West, LLC, Al-Madinah Petroleum, Inc., and/or T.J. occupied, possessed, controlled, managed, or operated the premises at issue at any relevant time. Consequently, Plaintiff has no right or potential right of recovery against QuikTrip West, LLC, Al-Madinah Petroleum, Inc., and/or T.J. because the proper party has not been sued. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

**C.**     **DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY**

1.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

2.     Defendants deny they were negligent and deny that their alleged acts or omissions proximately caused Plaintiff's alleged damages.

3.     Defendants had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further assert that, in any event, the alleged hazard was not "unreasonably dangerous."

4.     Alternatively, Defendants provided adequate warning of the condition at issue.

5.     Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendants.  Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

6. The alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendants deny that they owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

7. Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause Plaintiff's injuries and damages, if any. Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's damages or injuries, if any.

8. In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

9. Defendants respectfully request that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

10. In the unlikely event an adverse judgment is rendered against Defendants in this matter, Defendants respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

11. To the extent that the damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendants.

12.     To the extent that Plaintiff breached Plaintiff's duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages, such damages are not reasonable or necessary.

13.     To the extent that Plaintiff is malingering and/or exaggerating the nature and severity of Plaintiff's injuries in order to continue treatment, Defendants contend said treatment is not medically necessary or reasonable.

14.     Any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and, with respect to past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

15.     Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## D.    COURT REPORTER REQUESTED

Defendants respectfully demand a court reporter be present at all proceedings before the Court.

## II.
## SPECIAL EXCEPTIONS

1.     Defendants object and specially except to paragraph 30 of Plaintiff's Original Petition, titled "Required Disclosures" on the grounds that the Texas Rules of Civil Procedure have been amended, effective prior to Plaintiff filing this lawsuit, eliminating any discovery requests

attached to a petition. Therefore, Defendants request that the Court strike paragraph 30 of Plaintiff's Original Petition in its entirety.

2.      Pursuant to Rule 91 of the Texas Rules of Civil Procedure, Defendants object and specially except to Paragraph 31 of Plaintiff's Original Petition, titled "INTENT TO USE DEFENDANTS' DOCUMENTS," which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, such paragraph states that "In accordance with Texas Rule of Civil Procedure 193.7, any documents produced by Defendants in response to written discovery will be used by Plaintiff at any pre-trial proceeding or trial." However, Rule 193.7 requires that the party invoking Rule 193.7 provide "actual notice that ***the document will*** be used" to the producing party.[1] Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's ***actual awareness that the document will be used***."[2] Accordingly, it is clear that Rule 193.7 requires more than a mere blanket statement that Plaintiff intends to use Defendants' discovery responses as evidence at trial. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Defendants to review all documents they produce and prophylactically render objections regarding the authenticity of said documents. Therefore, Defendants request that the Court strike Paragraph 31 of Plaintiff's Original Petition in its entirety.

3.      Defendants further object and specially except to the section of Plaintiff's Original Petition entitled "INTENT TO USE U.S. LIFE TABLES", paragraph 32, which improperly and

---

[1]      TEX. R. CIV. P. 193.7 (2017) (emphasis added).

[2]      *Id.*, cmt. 7 (emphasis added).

prematurely asks Defendants and this Honorable Court to take factual and/or judicial notice of certain, unspecified and unsubstantiated documents, stating, "Plaintiff hereby notifies the Defendants of her intent to use the U.S. Life Tables as published by the U.S. Government in the trial of this matter." However, Texas Rule of Evidence 201 provides that any party requesting judicial notice of a given fact or law must supply the Court with copies of the information that supports its request for such notice.  Plaintiff has not done so here.  In addition, the responding parties must be given an opportunity to be heard on the propriety of taking the requested, judicial notice, and regarding the nature of the fact or law to be noticed.[3]  Plaintiff's generalized and non-compliant request is premature at this stage of litigation, and it fails to satisfy substantive and procedural conditions precedent, which thereby deprives Defendants of a meaningful opportunity to respond.  Therefore, Defendants respectfully pray that this Honorable Court strike paragraph 32 of Plaintiff's Original Petition in its entirety.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that the Court grant their Special Exceptions, that Plaintiff take nothing by this cause of action and that Defendants be permitted to recover the costs expended on their behalf.  Defendants also pray for all other and further relief, both general and special, at law and in equity, to which they show themselves to be justly entitled.

---

[3]   *See* TEX. R. EVID. 201 (c) - (e).

Respectfully submitted,

/s/ B. Kyle Briscoe
_____
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Michael W. Stumbaugh**
State Bar No. 24041987
mstumbaugh@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANTS**


## VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

Before me, the undersigned authority, did personally appear Michael W. Stumbaugh, who upon his oath deposes and says he is one of the attorneys for Defendants, has never been convicted of a disqualifying crime, is over the age of 21, and is competent to make this verification. Accordingly, Mr. Stumbaugh verifies the facts alleged in Paragraph II.B of the foregoing pleading are true and correct.

_____
Michael W. Stumbaugh

Subscribed and sworn to before me on this 26th day of August 2022.

_____
NOTARY PUBLIC in and for the State of Texas

ELIZABETH CONTRERAS
Notary Public, State of Texas
Comm. Expires 02-06-2024
Notary ID 129335398

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on August 26, 2022.

/s/ B. Kyle Briscoe
B. Kyle Briscoe

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 67690704
Status as of 8/26/2022 10:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| KRISTINA NKASTL | | eservice@kastllaw.com | 8/26/2022 9:49:09 AM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 8/26/2022 9:49:09 AM | SENT |
| Michael W. Stumbaugh | | mstumbaugh@peavlerbriscoe.com | 8/26/2022 9:49:09 AM | SENT |
| Brandi Spillers | | bspillers@peavlerbriscoe.com | 8/26/2022 9:49:09 AM | SENT |
| Jennifer Renfro | | jrenfro@peavlerbriscoe.com | 8/26/2022 9:49:09 AM | SENT |