IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTHA F. LARA., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-01923-N |
| | § | |
| QUIKTRIP CORPORATION; | § | |
| QUIKTRIP WEST, LLC; | § | |
| AL-MADINAH PETROLEUM; | § | |
| AND T.J., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants QuikTrip Corporation ("QT"); QuikTrip West, LLC; Al-Madinah Petroleum, Inc; and T.J.'s motion for summary judgment filed on July 24, 2023 [10]. Plaintiff Martha Lara failed to respond to Defendants' motion for summary judgment. The Court concludes that no genuine dispute of material fact exists and grants the motion for summary judgment.

### I. ORIGINS OF THE MOTION

This case arises out of a slip-and-fall incident that occurred in a QuikTrip in Garland, Texas. On July 21, 2020, Lara entered the women's restroom, slipped on water, and fell, hitting her back and right arm. Defs.' App. Ex. A 8 [11-2]. Lara filed a lawsuit against Defendants alleging that Defendants' failure to warn or timely remedy the hazardous condition of the wet floor was the proximate cause of her injuries. *Id.*

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Though Lara provides no response to Defendants' motion, summary judgment cannot be granted "merely because it is unopposed." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). The moving party still must meet its initial burden of informing the Court of the basis for its belief that there is no genuine issue of fact for trial, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), or show that "there is an absence of evidence necessary to prove a specific element of the case." *Thomas v. Barton Lodge II, Ltd.*, 17 F.3d 636, 644 (5th Cir. 1999) (citing *id.* at 322–23).

A party bringing a no-evidence motion must go beyond "mere conclusory statement[s]" to satisfy its burden under *Celotex*. *Austin v. Kroger Tex.*, *L.P.*, 864 F.3d 326, 335 n.10 (5th Cir. 2017). The burden then shifts to the non-moving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Vedol v. Jacobs Ent., Inc.*, 436 F. App'x 409, 410 (5th Cir. 2011) (unpub.) (quoting *Celotex*, 477 U.S. at 324 (internal quotation marks omitted)). Failure by the nonmovant to file a substantive response constitutes failure to carry that burden. *Id.*

### III.  THE COURT GRANTS SUMMARY JUDGMENT ON ALL CLAIMS

#### A.  Lara's Negligent Activity Claim

Under Texas law a plaintiff is limited to a premises liability cause of action when she alleges that she was injured by a condition of the premises, rather than an activity contemporaneously conducted by the defendants.  *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (person injured by condition created on the property can only recover under premises liability theory); *H.E.B. Grocery v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992) (same).  Lara's claims center on the "condition" of the floor being wet, which caused her to slip and harm herself.  Lara admits that no employees were present, so there was no contemporaneous action by Defendants which contributed to the injury.  Defs.' App. Ex. B 22.  There is no genuine issue of material fact on Lara's negligent activity cause of action and Defendants are entitled to summary judgment on the claim as a matter of law.

#### B.  Lara's Premises Liability Claim

*1. All Defendants Remain Proper Defendants* – Defendants argue that QT is the only proper defendant because it is the only entity in possession, operation, control, and management of the bathroom where the incident occurred.  Defs.' Br. Supp. Mot. Summ. J. 1, 2, & 7 [11].  Defendants argue entities QuikTrip West, LLC and T.J. neither owned nor occupied the store where the incident took place, but Defendants provide no evidence to support this assertion.  *See id.* at 11.  Additionally, Defendants argue that Al-Madinah Petroleum, Inc., the entity that owned the store, leased the premises to QT and generally a landlord has no duty to a tenant's invitees for dangerous conditions on leased premises which are not under the landlord's control.  *Id.* at 12.  Again, Defendants offer no evidence

MEMORANDUM OPINION AND ORDER – PAGE 3

to support the claim that Al-Madinah had no control over the premises where Lara's incident occurred. *See id.* at 11-12. Without adequate summary judgment evidence of QT's sole operation and control of the bathroom where Lara fell, Defendants' argument that QT is the only proper defendant does not satisfy *Celotex*'s demand to provide more than conclusory statements.

      ***2. Lara Offers No Evidence to Prove Essential Elements of the Products Liability Claim –*** Where a negligence claim is predicated on a theory of premises liability, as is the case here, an invitee must prove that (1) a condition of the premises created an unreasonable risk of harm to the invitee, (2) the owner knew or reasonably should have known of the condition, (3) the owner failed to exercise ordinary care to protect the invitee from danger, and (4) the owner's failure was a proximate cause of injury to the invitee. *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009). To satisfy the third element, the premises owner or occupier has a duty "to make safe or warn against any concealed, unreasonably dangerous, conditions of which the landowner is, or reasonably should be, aware *but the invitee is not*." *Kroger Tex., L.P.*, 465 S.W.3d at 203 (emphasis added). It follows that "[t]here is no duty to warn when the risks are matters 'within the ordinary knowledge common to the community.'" *Hirabayashi v. N. Main Bar-B-Q, Inc.*, 977 S.W.2d 704, 707 (Tex. App.—Fort Worth 1998, pet. denied) (quoting *Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 388 (Tex. 1991)). Only concealed hazards that the landowner knows or should know exist and the invitee does not will give rise to a premises owner's duty to warn. *See Coastal Marine Serv. of Tex., Inc.*

*v. Lawrence*, 988 S.W.2d 223, 225 (Tex. 1999); *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 369 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  Lara admitted that she saw that the floor was wet prior to her fall.  Defs.' App. Ex. G 41.  Lara does not contradict this admission in the record.

As for the "notice" element, Lara offers no evidence that Defendants knew or should have known of the condition of which Lara complains.  For a premises owner or operator to have "actual knowledge" of a condition, the owner or operator must have known that the hazard existed, but negligently failed to cure it.  *See generally Keetch*, 845 S.W.2d at 264.  Lara admits she is not aware of any statements by any employee suggesting that Defendants were aware of the water on the floor prior to the Incident.  Defs.' App. Ex. G 34; Defs.' App Ex. B 20-21.  Lara does not contradict this admission in the record.  In the absence of proof of actual knowledge, "constructive knowledge" can be established by showing that the condition existed long enough for the owner or occupier to have discovered it upon reasonable inspection.  *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000); *Wal-Mart stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).  Texas law is clear that when there is no "temporal" evidence to establish constructive notice, the plaintiff cannot meet her burden of proof on the "notice" element.  *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002); *Gonzalez*, 968 S.W.2d at 936.  Lara admitted she had no knowledge regarding the length of time the water was on the floor prior to her fall.  Defs.' App. Ex. G 35.  Lara provides no evidence in the record to contradict this admission.

Last, even if Defendants owe a duty to warn, Lara offers no evidence that Defendants failed in that duty. Defendants argue that there was clear signage that adequately warned her about the wet floor. Defs.' Br. Supp. Mot. Summ. J. 4-6. Screenshots of video camera footage of the QuikTrip show that yellow warning signs were placed directly outside the bathroom when the incident occurred. Defs.' App. Ex. E 30. Lara fails to controvert that the signage was an exercise of ordinary care to protect an invitee from danger.

## CONCLUSION

Because Lara has not provided any evidence to establish essential elements of her premises liability claim, the Court grants Defendants' motion for summary judgment.

Signed October 2, 2023.

_____
David C. Godbey
Chief United States District Judge